Case 4:13-cv-02828   Document 8   Filed in TXSD on 05/26/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVAN JOSE MANZANO, TDCJ # 1426493, | § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-13-2828 |
| | § | |
| LORIE DAVIS, | § § | |
| Respondent.[1] | § § | |

### ORDER OF DISMISSAL

Petitioner Ivan Jose Manzano filed this civil action to seek relief from a state court conviction and sentence. Because Manzano is in state prison and challenges a state conviction, the pleading is properly construed as a petition for habeas relief under 28 U.S.C. § 2254.

**I.    Successive Petition**

Court records indicate that petitioner has filed at least two prior petitions for habeas corpus relief of his 2003 convictions for aggravated sexual assault. *See Manzano v. Thaler*, Civ. A. No. 4:2010-cv-448 (S.D. Tex. 2010) (dismissing the petition on the merits as time-barred under 28 U.S.C. § 2244(d)); *Manzano v. Stephens*, Civ. A. No. 6:14-cv-319-WSS (W.D. Tex. 2014) (dismissing petition as an unauthorized successive petition). To the extent that petitioner raises the same claims in the present petition that he raised in his previous petitions, this Court is required to dismiss those claims. 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks

---

[1]Although petitioner named the "United States of America" as the respondent in this case, because he is a Texas state prisoner challenging a state conviction, the proper respondent is Lorie Davis, the current Director of the Texas Department of Criminal Justice - Correctional Institutions Division. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

relief on grounds not previously presented, he fails to allege or show that he has sought or received authorization from the Fifth Circuit to proceed in this Court with respect to any new claims he is raising. 28 U.S.C. § 2244(b)(3). Accordingly, this action is DISMISSED without prejudice to petitioner seeking authorization from the Court of Appeals to proceed in this Court on any new claims.

## II.     Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001).

When denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley,* 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484); *see also Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte,* without requiring further briefing or argument. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Order of Dismissal, the Court has determined that petitioner has not made a showing that reasonable

jurists could disagree regarding the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

### III. Conclusion and Order

1. This action is **DISMISSED** without prejudice.

2. A certificate of appealability is **DENIED**.

3. All other pending motions, if any, are **DENIED**.

SIGNED at Houston, Texas, this 26th day of May, 2016.

                                     MELINDA HARMON
                                UNITED STATES DISTRICT JUDGE